# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ELLEN B. KLYCE, a single individual; and THOMAS C. DASHIELL, a single individual,<br><br>              Respondents,<br><br>     v.<br><br>DAVID EBENAL and BONITA EBENAL, husband and wife, and their marital community,<br><br>              Appellants. | No. 74535-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: November 7, 2016 |

LEACH, J. — David and Bonita Ebenal appeal a trial court's decision granting summary judgment in favor of Thomas Dashiell and Ellen Klyce on two promissory notes signed by the Ebenals. They claim that they entered into an oral agreement with Dashiell in which he waived his right to enforce the terms of the notes. Because the Ebenals' alleged agreement does not satisfy the applicable California statute of frauds,[1] their waiver defense fails. We affirm.

## FACTS

On November 24, 2013, David and Bonita Ebenal signed two promissory notes: one for $542,500 payable to Ellen Klyce and one for $232,500 payable to Lillian Dashiell.

---

[1] CAL. CIV. CODE, § 1624.

A deed of trust secured both notes. It granted Klyce and Dashiell security interests in four houses.[2] Collateral security interests in two limited liability companies (LLCs) also secured the notes. The notes each state,

> This Note is secured by a Mortgage or Deed of Trust encumbering four houses, and by a collateral security interest in a $775,000 Preferred Interest in Hunter Hospitality LLC (the "LLC") and a collateral security interest in Pompano LLC, which is a 40% Member of LLC. The foregoing collateral secures this Note and a $542,500 Note executed by Borrower and payable to Ellen Byrd Klyce. Upon sale by the LLC of the real property owned by it in Pompano, Florida, this Note shall be due and payable in full, and must be paid off from the proceeds which will be paid by the LLC to the Preferred Interest. In addition, all principal and accrued but unpaid interest on this Note shall be due and payable not later than December 31, 2014.

Each note bore interest at the rate of 12 percent per year. The interest rate increased to 15 percent if the note was not paid in full on or before the maturity date. The notes stated that they are "governed by California law."

The Pompano, Florida, property sold in July 2014, but the proceeds remained tied up in litigation through the following year.[3] As a result, the Ebenals failed to pay the two notes when due, December 31, 2014. On May 15, 2015, Lillian Dashiell assigned the $232,500 note to her father, Thomas Dashiell.

---

[2] The record does not contain a copy of the deed of trust.

[3] In their brief, the Ebenals explain that the action "arose out of a deal to transfer a claim in the receivership of Hunter Hospitality, LLC," involving a convertible preferred interest valued at $775,000. Ebenal purchased the claim from one of the LLC's creditors and subsequently offered to sell it to Klyce and Lillian Dashiell. According to the Ebenals, they structured the deal as "a recourse loan . . . payable under two promissory notes . . . secured by and required to be paid from the $775,000 preferred interest claim, and which were callable against Appellants only if the Receiver had not paid out on the preferred-interest claim by December 31, 2014." The record does not contain any documents from the receivership or any other litigation related to the property in question.

Klyce and Dashiell filed a lawsuit to collect the notes on June 17, 2015. The Ebenals answered the complaint, alleging that collection at the time was barred by the equitable defenses of waiver, estoppel, or laches. According to the Ebenals, four days before they filed their answer, the parties had orally agreed to extend "the maturity date on these notes" until June 1, 2016. In exchange, the Ebenals agreed to give Dashiell full access to their attorney "so they could work together on what and when to file in the Pompano case."

Klyce and Dashiell moved for summary judgment on their claim. The trial court granted the motion. The Ebenals appeal.

## ANALYSIS

The Ebenals raise only one issue on appeal, whether the California statute of frauds prevents an oral agreement to delay collection of a promissory note secured by a deed of trust that was not part of an agreement for the sale of real property. They argue that they raised a genuine issue of material fact about Dashiell's waiver of his right to enforce the terms of the notes before June 1, 2016.

We review de novo a trial court's order granting summary judgment.[4] Summary judgment is appropriate if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[5] A genuine issue of material fact exists if reasonable minds could differ about the facts controlling the outcome of the lawsuit.[6]

---

[4] Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003).
[5] CR 56(c).
[6] Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

The California statute of frauds requires that any contract subject to its provisions be memorialized in a writing signed by the party to be charged or by the party's agent.[7] An agreement for the sale of real property or an interest in real property comes within this statute of frauds.[8] This includes a promissory note and a deed of trust securing performance of the note.[9]

The statute of frauds also applies to any agreement to modify a contract that is subject to it.[10] A modification of a contract involves a change in the obligations of a party by a later agreement of the parties.[11] In Secrest v. Security National Mortgage Loan Trust 2002-2,[12] the California court of appeals held that a forbearance agreement, in which a lender agreed not to foreclose on the borrower's home, was subject to this statute of frauds because it modified the original promissory note and the deed of trust signed by the borrowers.

The Ebenals argue that this statute of frauds does not apply here because it "expressly requires a subscribed writing for an agreement 'for the sale of real property.'" They contend that their asserted oral agreement is not subject to the statute of frauds because it was not made as part of a sale or purchase of real estate.[13] But that distinction

---

[7] CAL. CIV. CODE. § 1624; Rossberg v. Bank of Am., N.A., 219 Cal. App. 4th 1481, 1503, 162 Cal. Rptr. 3d 525 (2013) (citing Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 552, 84 Cal. Rptr. 3d 275 (2008)).

[8] CAL. CIV. CODE § 1624(a)(3).

[9] Rossberg, 219 Cal. App. 4th at 1503.

[10] CAL. CIV. CODE § 1698.

[11] Secrest, 167 Cal. App. 4th at 553.

[12] 167 Cal. App. 4th 544, 553, 84 Cal. Rptr. 3d 275 (2008).

[13] The Ebenals rely on a treatise, 4 Miller & Starr, California Real Estate § 10:123, at 379 (3d ed. 2003), cited in Secrest, 167 Cal. App. 4th at 554-55, and a South Dakota case, Johnson v. Sellers, 2011 S.D. 24, 798 N.W.2d 690, 695, to support their argument. Neither is persuasive in light of Rossberg and Secrest. Furthermore, the Secrest court

makes no difference. In Rossberg v. Bank of America, N.A.,[14] the statute of frauds applied to a loan modification agreement that did not involve the purchase or sale of real property, only a note secured by a deed of trust. The borrowers claimed that they had been told numerous times that they had been granted a loan modification that would reduce or fix their interest rate, establish an impound account, and require a balloon payment at the end of the loan.[15] No documents were ever signed, however, to complete or formalize the modifications.[16] The court held that the statute of frauds applied, even though the purported agreement was only for the purpose of "arrang[ing] a refinancing loan," not to convey an interest in real property.[17]

The Ebenals next argue that the statute of frauds does not apply to their agreement with Dashiell because it did not modify terms of the deed of trust.[18] We disagree. In Rossberg, the court held that a modification to the terms of a secured promissory note required a signed writing even if it does not alter any terms of the deed of trust.

expressly disagreed with the treatise's statement that "[a]n oral agreement not to foreclose the lien of a mortgage or deed of trust, if given for consideration, is enforceable without any written confirmation by the beneficiary or trustee." 167 Cal. App. 4th at 554.

[14] 219 Cal. App. 4th 1481, 1503, 162 Cal. Rptr. 3d 525 (2013).

[15] Rossberg, 219 Cal. App. at 1487.

[16] Rossberg, 219 Cal. App. at 1487-88.

[17] Rossberg, 219 Cal. App. at 1503.

[18] The Ebenals cite Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 71, 163 Cal. Rptr. 3d 804 (2013), to support their argument. Lueras affirmed the general rule that "a forbearance agreement that modifies a note and deed of trust is subject to the statute of frauds," even though the parties did not raise the statute of frauds as a defense. 221 Cal. App. 4th at 71. The Lueras court found that the written forbearance agreement was valid even though Bank of America had not signed it because it expressly stated, "No Modification. I understand that the Agreement is not a forgiveness of payments on my Loan or a modification of the Loan Documents." 221 Cal. App. 4th at 71. Here, we have no such provision that evidences the parties' intent that the forbearance agreement would not be considered a modification of the notes. Lueras does not apply.

Accordingly, the trial court did not err by concluding that the Ebenals' oral agreement was subject to the California statute of frauds.

Klyce and Dashiell request an award of reasonable attorney fees and costs under the terms of the notes and RAP 18.1. The notes state, "In the event of any action or legal proceeding concerning this Note or the enforcement of any rights hereunder, Lender shall be entitled to . . . all legal and court costs and expenses, including reasonable attorneys' fees, incurred by Lender in connection with such action." We grant Klyce and Dashiell's request for attorney fees and costs on appeal upon their compliance with RAP 18.1.

## CONCLUSION

Because the Ebenals have failed to raise an issue of material fact about the affirmative defense of waiver, we affirm the trial court and award Klyce and Dashiell their attorney fees and costs on appeal upon their compliance with RAP 18.1.

Leach, J.

WE CONCUR:

Spearman, J.

Cox, J.